PER CURIAM.
This matter is before the Court on respondent’s Petition for Leave to Resign pursuant to article XI, Rule 11.08 of the Integration Rule of The Florida Bar.
The petition states as follows:
1. [Respondent] was admitted to practice law in Florida in 1977. [Respondent] is currently residing in the State of California, and does not engage in the practice of law in the State of Florida.
2. [Respondent’s] disciplinary history is that as of December 1983, [respondent] is not in good standing based upon his failure to pay his annual Bar dues. However, he had discontinued practicing law by October 1983.
*1286 3. Pending disciplinary action against [respondent] involves the following:
a. [Respondent] issued numerous policies of Attorney’s Title Insurance Fund (hereinafter referred to as ATIF) in handling certain real estate transactions.
b. [Respondent] upon the issuance of these policies failed to notify ATIF, by neglecting to send copies of these real estate transactions to ATIF.
c. [Respondent] further failed to forward the additional contributions (premiums) derived from the issuance of these policies to ATIF.
d. The failure to report the issuance and neglect in sending these premiums to ATIF occurred over a period of several years. ATIF was deprived of approximately $7,706.63 in premiums withheld by [respondent].
4. [Respondent] does not waive confidentiality of this proceeding and of all pending disciplinary matters, pursuant to Florida Bar Integration Rule, article XI, Rule 11.12(l)(a).
5. [Respondent] agrees to cooperate fully with investigations made in connection with the Client Security Fund of The Florida Bar.
6. [Respondent] will make all reasonable efforts to reimburse those who suffered monetary losses as a result of his neglect. [Respondent] has already made payment to ATIF in order to reimburse ATIF for its loss. [Respondent] will make all reasonable efforts to reimburse the Client Security Fund of The Florida Bar for payments made by the fund as a result of his conduct.
7.[Respondent] freely and voluntarily submits this Petition to Resign, and he states there was no intent on his part to injure ATIF or to cause it to suffer any loss.
The Florida Bar having now stated that it does not oppose the Petition for Leave to Resign and the Court having determined that the requirements of Rule 11.08(3) are fully satisfied, the Petition for Leave to Resign is hereby approved on the terms set forth in the petition, effective immediately.
Judgment for costs in the amount of $1,481.46 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, ALDERMAN, McDONALD and SHAW, JJ., concur.